## MILLER v. BRADFORD, *et. al.*

1. NOTICE: POSSESSION.   Mere possession under an unrecorded deed was not sufficient, under the recording acts, of 1843, to charge a subsequent purchaser with actual notice of the deed.

2. SAME: DEFECTIVE RECORD.   The registry of a deed conveying one-half of the grantor's *individual* right, title and interest in to certain real estate, registered by mistake of the recorder, as a conveyance of one-half of the grantor's undivided right, &c., is notice to subsequent *bona fide* purchasers only of the estate expressed in the *registry*.

3. SAME: STATUTE CONSTRUED.   Under Chapter 28, Revision of 1843, the filing of a deed for record did not operate as constructive notice of its contents, after it was recorded in a defective manner and withdrawn from the files.

*Appeal from Lee District Court.*

. MONDAY, APRIL 22.

ACTION to recover lot number one, in block number five, in the city of Keokuk.   Both parties claim under James Muir, to whom the lot was decreed in the partition of the Half Breed Reservation, prior to the respective conveyances under which the parties claim.    The plaintiff claims the whole lot by virtue of a deed from Muir, dated August 22d, 1842, duly acknowledged and recorded.    The defendants claimed under a deed from Muir, dated March 22d, 1842, filed for record April 14th, and recorded April 21st, 1842.

On the trial, after the plaintiff rested, the defendant introduced in evidence the last mentioned deed, with the certificates of acknowledgment and of the filing and recording of the same; and then offered to prove possession under the same, at the date of the conveyance to plaintiff.    On plaintiff's objection, the evidence of possession was excluded.

The deed under which detendants claimed conveyed from Muir to the grantee therein named "the one-half of his *individual* right, title, interest and claim," to the property in controversy. In the record copy by mistake of the recorder, the word *undivided* occurs in two places in the deed, instead of the word, "*individual.*" To show these discrepancies between the original and record copy, the plaintiff offered in evidence the record, which was received against the objections of defendants.

On the plaintiff's motion, the court instructed the jury, "that at the time of the purchase by said George Hunt, [the grantee through whom plaintiff claims,] of the lot in controversy, from James Muir, from whom both parties in this case claim to derive title, there was no such record of the deed under which defendant claims, as to give constructive notice thereof to Hunt." The defendants asked the court to instruct the jury, that when the deed under which they claimed " was left for record with the recorder of deeds, and filed for record by him, it imputed notice to subsequent purchasers, and the erroneous or defective recording by the recorder of said deed, could not change the character and effect of such notice,"—which was refused.

Judgment for the plaintiff, and defendants appeal.

*George C. Dixon,* for the appellants.

·I. The court below, erred in the refusing to receive the evidence offered by the defendants, to show their possession of the premises in controversy, at the time the deed to plaintiff was executed. It was admissable as tending to show actual notice, which was a question of fact to be determined by the jury. *Vayhn* v. *Tracey,* 22, Mo., 421; *Stafford* v. *Liclo,* 7 Calf, 489; *Carter* v. *Mundy,* 3 Met. 405; *Moore* v. *Pierson, et. al.,* 6 Iowa, 300.

II. The registered copy of the deed under which defend-

ants claim was not too indefinite and uncertain to impart notice to subsequent purchasers. *Nightengale* v. *Walker*, 3 G. Greene, 96; *Marshall* v. *McLean*, 3 G. Greene, 363; and the authorities there cited. See also *Glenn, et. al.* v. *Malony*, 4 Iowa, 318; *Lessee of White* v. *Sayre*, 2 Ohio, 110; 27 Maine, 156.

III. The filing of a deed, and the depositing it for record with the recorder, imparts notice from such time; and the recorder's certificate endorsed on the deed, of its being filed and recorded, cannot be impeached. The grantee cannot be affected by any error, mistake or negligence of the Recorder in recording such deed.

The act of 1840, concerning conveyances, § 30, provides that every deed " shall from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof, and all subsequent purchasers, and mortgagees shall be deemed in law and equity, to purchase with notice." See also § 31, of the same act.

This provision is construed in *Hopping* v. *Burnam*, 2 G. Greene, 48.

See further, 2 Greenl. Cruise Dig. 540; Dart Ven. 399; note 1, 2 Hilliard Real Prop. 454; *Brown* v. *Kirkman*, 1, Ohio, S .R. 116; *Phelps* v. *Ames*, 18 Pich, 314; *Manwell* v. *Manwell*, 14 Verm. 14; *Biglow & Wife* v. *Topleff*, 25 Ib. 273; *Flower* v. *Wilkes*, 1 Swan's Tenn. R. 408; *McDonald* v. *Leach*, Kirby, 72; *Hine* v. *Robinson*, 8 Com. 347; *Dubois* v. *Young, et al.*, 10 Ala. 268; *McGreger, at el.* v. *Hall*, 3 Stew & Port. 401; *Nichols* v. *Reynolds*, 1 Ang. R. I. R. 30; *The Bank of Kentucky* v. *Haggin*, 1 J. K. Marshall, 316; *Gill and Simpson* v. *Fauntelroy's Heirs*, 8 B. Monr, 181; *Beverly* v. *Ellis & Allen*, 1 Randolph, 102; *Cooper* v. *Mc-Dowell*, 5 Gratt, 212; *Cook* v. *Hall*, Gilm, 578–580. The cases relied upon by appellee, were under statutes essentially different from the one which governs in this case.

Miller v. Bradford et al.

*Samuel F. Miller, pro se.*

I. The court did not err in refusing to receive evidence of possession. The statute in existence at the time the deed under which the defendants claim was executed, required either actual notice, or constructive notice by recording the deed. It admitted no other constructive notice. See act of January 14th, 1840, 331, re-enacted by the Rev. Stat. of 1843; *Hopping* v. *Burnam,* 2 G. Greene, 39; *Wilhelm* v. *Merts,* 4 G. Greene, 54.

II. The court did not err in instructing the jury that the record of the deed, under which defendants claim, was not sufficient to impart constructive notice to subsequent purchasers:

1. The deed under which defendants claim does not convey the lot in controversy.

2. If between the grantor and grantee, it could be held to convey the lot, the deed itself could convey to the subsequent purchaser, no notice of a conveyance of this lot. *Munday* v. *Vawter and others,* 3 Gratt. Va. R. 518; *Messich* v. *Sunderland,* 6 Calf, 297.

3. A subsequent purchaser of the lot, without actual notice of the conveyance, would not be charged with constructive notice, by reason of the material variance between the deed and the record copy. *Frost and others* v. *Beekman,* 1 John. Ch. 288; 18 John R. 544; *Sanyer* v. *Crayne,* 10 Verm. 555; *Baldwin* v. *Marshall,* 2 Humph. (Tenn.) 116; *Lolly* v. *Holland,* 1 Swan's Tenn. 390; *Lessees of Jennings* v. *Wood,* 20 Ohio, 261; *Brown* v. *Kirkman,* 1 Ohio S. R. 116; *Chamberlain* v. *Bell,* 7 Calf, 291; *Sheppard* v. *Buckhatter,* 13 Georgia, 444; *Metcalf's Appeal,* 7 Watts & Sargant, 200. In the cases cited by appellant's counsel touching this point, the deed *remained with* the Recorder, an essential fact which did not occur in this case.

III. The constructive notice contemplated by the recording act of 1840, commenced with the filing of the deed with

the recorder, and continued while the deed remained in the office, and until it was recorded; and that after it was recorded, the record became, and the deed ceased to be, the means of such notice.   See *Baldwin* v. *Marshall, Lolly* v. *Holland, Brown* v. *Kirkman, Chamberlain* v. *Bell, supra.*

WRIGHT, J.—I. For the purpose of bringing home to defendant, or those under whom he claims, notice of an outstanding title, plaintiffs proposed to prove possession of the premises in controversy, and improvements made thereon by them, or those from whom they claim, at the time of the inception of defendant's title.   The rejection of this testimony was correct under the rule established, in *Hopping* v. *Burnam,* 2 G. Greene. 39, and *Wilhelm* v. *Mertz,* 4 Ib. 54. When the deed was not recorded, the statute then in force, required *actual* notice.   This statute has been long since repealed.   It on two several occasions, received a construction as above, which we are not disposed to change, whatever might be our view, if now presented for the first time.

II. This was an action of right.   The deed, under which defendant's claim, was made, filed for record, and recorded prior to that under which plaintiff claims.   Plaintiff had no *actual* notice of the prior deed, and claims that he had no *constructive* notice.   The deed under which defendants claim, was improperly recorded, that is to say, the recorder made a material mistake in transcribing it.   The question is, whether the defendants or plaintiff, shall suffer the consequences of this mistake.   The court below held, that the record of the deed under which defendants hold was not constructive notice to plaintiff, and that plaintiff's title must therefore prevail.

Upon authority the question is not free from difficulty. The leading case in this country, is *Frost* v. *Beekman,* 1 John. Ch. 288, which clearly sustains the position of appellee. And while counsel for appellants (following probably the remarks of the court in *McGregor* v. *Dailing,* 3 Stew. &

Miller v. Bradford et al.

Port., 401,) fall into the error of saying that this case was reversed on this point, in the Court of Errors, (18 John, 544,) an examination will show that it was not reversed on this question, but another, and that the doctrine of Chancellor Kent, was expressly affirmed. And this view, we think, is better sustained by the authorities, as well as by reason and argument; and we hold, therefore, that in this respect the court below, did not err. The authorities are collected and presented in the brief of counsel, and we need not refer to them.

III. Appellants insist, however, that under the statute of 1839, in force at the time of depositing their deed for record, the deposit with the recorder was all that was necessary to give the notice required by the statute, and that whether recorded or not, or however defectively recorded, they are not to suffer.

In this inquiry we have nothing to do with the validity of the deed from Muir to Gaines, under whom defendants claim, as between them. Nor are we considering a case where the deed was deposited for record, remaining in the recorder's office, with no attempt to record, but a case where a deed was deposited, and so incorrectly recorded, as to mislead a subsequent purchaser, and then withdrawn, leaving the record as the only notice of the conveyance.

The statute of 1839 provided that an instrument in writing, certified and acknowledged as required by the statute, " shall from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof, and all subsequent purchasers, and mortgagees shall be deemed in law and equity to purchase with notice." And again, that until deposited with the recorder for record, no such instrument should be valid except between the parties thereto, and such as have actual notice thereof. Sections 30–31, acts of 1839, ch. 28, p 35.

This statute in our opinion was only intended to fix the *time* from which notice to subsequent purchasers was to com-

mence, and not to make such filing or depositing notice of the contents *after* the same was recorded. After the record of the deed, the record itself is the constructive notice of its contents, and it never was the intention of the legislature to hold a subsequent purchaser, buying after the recording, bound by the contents of a deed, ever so improperly and incorrectly recorded, because at some time, a deed correct in the description of the property, was filed with the recorder.

Judgment affirmed.