# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT,

## JULY TERM, 1863.

---

## KELLY *et al.* *v.* TAYLOR *et al.*

WHERE the location of a mining claim is made both by posting notices and by designating fixed objects such as trees, shafts, and ditches on or near its exterior boundaries, in an action between two companies involving the title to a portion of the ground witnesses are not confined in their testimony to a statement of the contents of the notices but may also state whether the location made included the ground in dispute.

The same rules of law relating to estoppel *in pais* apply to mining ground as any other real estate claimed under a similar kind of title.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

Plaintiffs and defendants owned mining claims adjoining each other upon which they had been at work for several years. A dispute arose as to the precise location of the boundary line between them.

On the trial it appeared from the evidence that plaintiffs had at various times performed labor on the disputed ground by running drifts into it and performing other work upon it, and that the fact that plaintiffs were performing such labor was probably known to

defendants, and that defendants had not notified plaintiffs to cease such work.

Plaintiffs had judgment in the Court below and defendants appealed.

*Searls & Niles,* for Appellants.

The doctrine of estoppel by the act or silence of an owner of real estate has been fully and clearly settled by this Court in a series of decided cases. We need only refer to the principles laid down in those cases to see the error of the instructions given by the Court.

In the first place it was manifestly erroneous to say that in this regard a different rule applied to mining claims from that applicable to other species of real estate.

But the chief objection to the instruction is, not to that part of it which asserts that a different rule exists, but to that part which announces what the rule is.

1st. The instruction does not presuppose that the party so entering is anything more than a mere naked trespasser. We have supposed and this Court has held that the fraud which creates an estoppel " only exists where the owner knows that the other person is making the expenditures under the *bona fide* reasonable belief that he is the owner of the property." (*McGarrity* v. *Byington,* 12 Cal. 431.) This element the instruction entirely omitted.

2d. Again, for aught appearing in the instruction, the trespasser may have as perfect and thorough a knowledge of the nature and extent of the owner's claim as the owner himself.

3d. Again, although the boundaries of the claim are not visibly marked (as the instruction supposes), yet the trespasser may have ample means otherwise to ascertain the true title and ownership of the property. There may be a deed recorded, describing the land by courses and distances, or some local mining rule or custom may provide for a local record of description to take the place of stakes and landmarks.

4th. In the case of *Boggs* v. *The Merced Mining Co.,* where the doctrine of estoppel *in pais* was fully discussed, it was said that by the application of the principle it must appear :

1. That the party making the admission by his declarations or conduct was apprised of the true state of his own title.

2. That he made the admission with the express intention to deceive or with such careless and culpable negligence as to amount to constructive fraud.

3. That the other party was not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge.

4. That he relied directly upon such admission and will be injured by allowing its truth to be disproved.

Of these requisite elements to constitute an estoppel the instruction we are considering does not contain one ; unless, perhaps, the first, if the word " knowingly " may be construed to mean in its connection a knowledge of his own title on the part of the owner. (*Boggs* v. *Merced M. Co.*, 14 Cal. 367.)

*Henry K. Mitchell*, for Respondents.

The first part of this instruction is explained by that which immediately follows, and could not therefore mislead the jury, or prejudice any of the rights of defendants, unless the matter in explanation is erroneous.

The explanatory part of this instruction contains all that is requisite to create a complete estoppel. The expenditure of money in running the tunnels, the knowledge of defendants of the claim of title of plaintiffs, the fraud of defendants in permitting plaintiffs to make such expenditure of money under the *bona fide*, reasonable belief that they were the owners, are all included in the instructions given, when taken together. Neither does such instruction necessarily give to the opposite party the character of trespasser. The same was given under the circumstances of the case ·as established by the evidence, and the jury in considering the instruction also took into consideration the evidence.

The rule is not applicable to trespassers upon lands, for the reason that they can ascertain the rights of any person by examination at the Recorder's Office. But in mining claims, in the years 1852–1856, and even later, no recordation was required. For aught this Court or the Court below can determine from the evi-

dence, the ground in dispute was not within any mining district; neither were there any laws or regulations of miners requiring a recordation. We presume that such was the meaning of the Court in saying that a different rule prevailed as to mining claims.

But again, we contend that the instruction comes within the decision in the case of *Boggs* v. *Merced Mining Co.*: 1st. The defendants, by their conduct, were apprised of the true state of their title. The evidence of defendants and their sworn answer show the fact. 2d. The acts of defendants, if they permitted plaintiffs to proceed, and at great expense run tunnels in the disputed ground, well knowing plaintiffs' claim of title, is sufficient evidence to amount to a constructive fraud.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to recover possession of certain mining ground, and damages for injuries thereto. The plaintiffs and defendants were each the owners of adjoining claims, and there was a dispute between them respecting the location of the division line, by which a portion of the mining ground was claimed by both parties. The plaintiffs had previously run their tunnel into and mined out a portion of the disputed ground, which was known to the defendants.

On the trial one Clark testified, as a witness for the plaintiffs, as to the acts of those who originally located the ground claimed by the plaintiffs, showing the posting of notices and the location of certain trees which marked the boundary lines, and of certain ditches and a shaft, and the location of the lines in relation thereto. He was then asked: " Did the location you made include the ground in dispute ?" To which the defendents objected on the ground that the testimony showed that the location had been made by notices, and that they were the best evidence of the extent of the location. The objection was overruled, and the defendants excepted. The question was a proper one. The location does not seem to have been made by notices alone, and it was clearly proper for the witness, after stating the location of the lines of the claim, to state whether those lines included the ground in controversy.

After the evidence was closed the Court instructed the jury as

follows : " That in the matter of estoppel a different rule applies to mining claims from that applicable to other species of real estate; that an owner of a mining claim, the boundaries of which are not visibly marked, should notify strangers entering upon it of the nature and extent of his claim, and if he knowingly permits persons to enter upon his claim and expend money in working and improving it, without notifying such persons of his title, he is thereby estopped from setting up such title as against them."

The first branch of this instruction is erroneous. The rules of law relating to estoppel *in pais* apply to mining ground the same as any other real estate claimed under a similar kind of title. The rest of the instruction is also erroneous, as it omits entirely several important and essential qualifications of the rule upon this subject. Thus it should state that the party entering did so under a claim of right or title, and that the true owner remained silent under such circumstances that his silence operated as a fraud upon the other party, and that the latter was induced thereby to make valuable and permanent improvements, and would therefore be injured by allowing the true title to be set up against him. As was stated by this Court in the case of *Boggs* v. *The Merced Mining Company* (14 Cal. 368) : " There must be some degree of turpitude in the conduct of a party, before a Court of Equity will estop him from the assertion of his title ; the effect of the estoppel being to forfeit his property and transfer its enjoyment to another."

The respondents insist there was sufficient evidence to sustain the plaintiff's case, independent of these instructions, and that he did not rely upon the doctrine of estoppel in the Court below. The case was tried by a jury, and it is impossible for us to tell upon what particular portion of the evidence they founded their verdict, or what instructions controlled them. They may have found for the plaintiff entirely upon these erroneous instructions, or they may have disregarded them entirely. It is sufficient, however, if it appears that they might have been influenced thereby, to make it our duty to send the case back for a new trial, that the error may be corrected.

The judgment is reversed, and the cause remanded for further proceedings.