Whalley v. Small and Small.

WHALLEY v. SMALL AND SMALL.

Conveyance: RECORDING ACTS OF 1839 AND 1840: FILING ALONE
  NOT SUFFICIENT. Under the recording acts approved January 19,
  1839, and January 4, 1840, the mere filing of a conveyance in the
  recorder's office, without being followed by indexing or recording,
  was not sufficient to impart constructive notice. *Barney* v. *McCarty*,
  15 Iowa, 510, followed.

*Appeal from Jackson District Court.*

THURSDAY, JUNE 25.

THIS is in an action to recover the undivided three-
fourths of a tract of land in Jackson county, entered by

one Atherton, September 9, 1840. Plaintiff gave in evidence a deed from Atherton to O'Daniel, dated April 14, 1860, and recorded April 30, 1860, and other conveyances by O'Daniel and others, showing the title thus acquired by O'Daniel finally vesting in plaintiff.

These deeds are all regular. Defendants set up adverse possession, under color of title, and an outstanding title existing under a deed of trust executed by Atherton and one Harrison to Shields & Koerner, conveying the lands in suit. This deed was dated October 14, 1840, and filed for record April 19, 1842, and never recorded, but had remained in the recorder's office from the date of its filing. Other facts necessary for a proper understanding of the point decided will be found in the opinion. Verdict and judgment for defendants. Plaintiff appeals.

*Booth & Graham* and *W. E. Leffingwell* for the appellant.

*Grant & Smith* and *John Hillsinger* for the appellees.

BECK, J. — We will examine but a single question made by appellant, as that will be decisive of the case upon the record before us, and will require a reversal of the judgment of the District Court. It arises upon the correctness of the following instruction to the jury:

"9. If you find from the evidence, that a deed of trust was executed by Atherton (who, it is conceded, entered the land) to James Shields and Gustavus P. Koerner, in the year 1840, and that said deed of trust was filed for record in April, 1842, in the office of the recorder of deeds of Jackson county, and that the said deed of trust was marked filed for record by the recorder of said county, or by some person acting as his deputy, — then the law is, if said deed remained in the recorder's office, that, from the time of filing of said deed with the recorder for record,

the said deed imparted notice to all persons of the contents thereof, and all subsequent purchasers are deemed to purchase with notice.   If, therefore, in this case, you find that said deed of trust was executed as aforesaid, and deposited for record and marked filed by the recorder of this county, and remained in his office, it was notice to all persons of its contents; and the plaintiff in this cause, if he purchased the land after said deed of trust had been filed for record, is charged with notice of said deed of trust, and took by his purchase only such interest in the land as Atherton himself retained, which would not be the legal title unless the money secured by such deed of trust had been paid by said Atherton, or by some one for him, and the burden is upon the plaintiff, in this case, to show that he has a perfect legal title to the land before he can recover; that he, and those under whom he claims, have done all that was necessary to be done to invest the legal title of which they were divested by the deed of trust."

The point made by this instruction is, that the deed of trust, having been filed April 19, 1842, and having remained in the recorder's office, though never recorded, or entered upon any of the books required by law to be kept there, operated to impart notice of its contents to subsequent purchasers.   It is proper to remark, that the deed, as the record discloses, seemed to have been found a day or two before the trial of this case, in the recorder's office in a file of old deeds and mortgages, and its existence was unknown, up to that time, to the parties to the suit.

The statutes in force at the date of the filing of the instrument and which control the decision of the question involved in the case are as follows :

1. An act approved January 19, 1839, entitled "An act relating to the office of recorder of deeds, etc." Laws of 1839, p. 396.

Section 4 of this act provides as follows: "Every recorder of deeds shall keep a fair book in which he shall immediately make an entry of every deed or writing brought into his office to be recorded, mentioning therein the date, the parties, the place where the lands, tenements, or hereditaments granted or conveyed by the said deed or writing are situated, dating the entry on the day on which such deed or writing was filed in his office, and shall record all such deeds and writings in regular succession according to the priority of time of their being brought into his said office, and shall also make and keep a complete and alphabetical index to each record book, showing the page on which each instrument is recorded with the names of the parties thereto; he shall give a receipt to the person bringing such deed or writing to be recorded, bearing date on the same day as the entry, and containing the abstract aforesaid. Provided, that it shall be the duty of all recorders under this act to file immediately all deeds and papers which may be presented to them for record, and they shall note on the back of the same the hour and day when the same was filed." This section is re-enacted and incorporated *verbatim* as section four of the act of January 23, 1843. Rev. Stat. 1843 ("The Blue Book"), p. 542.

2. An act approved January 4, 1840, entitled "An act to regulate conveyances." Laws 1840, chap. 38, p. 35. This act contains the following provisions:

"SEC. 29. Every instrument in writing that conveys any real estate, or whereby any real estate may be affected in law or equity, proved or acknowledged and certified in the manner above prescribed, shall be recorded in the office of the recorder of the county in which such real estate is situated.

"SEC. 30. Every such instrument in writing, certified and acknowledged in the manner herein above prescribed

shall from the time of filing the same with the recorder
for record, impart notice to all persons of the contents
thereof, and all subsequent purchasers and mortgagees,
shall be deemed in law and equity to purchase with
notice.

" SEC. 31. No such instrument in writing shall be valid,
except between the parties thereto, and such as have
actual notice thereof, until the same shall be deposited
with the recorder for record."

These provisions are re-enacted in the act of February
16, 1843, and appear as sections 29, 30 and 31, therein.
Revised Statutes, 1843 (The Blue Book), p. 208.

It will be observed that the law in force, requiring the
registration of deeds at the date of the filing of the deed
of trust from Atherton to Shields and Koerner is identi-
cal in its provisions with those of the Revised Statutes of
1843 upon the same subject, under which *Barney* v.
*McCarty* (15 Iowa, 510) was decided. In that case, an
instrument was filed for record, proper indorsement thereon
being made upon it, and copied upon the records in its
proper order and place, but no index of the record of said
instrument was made. The court held, that three steps
are to be taken in the registration of an instrument, so
that it will operate as notice to subsequent purchasers, viz.:
first, filing; second, copying in the record book; third,
entering upon the index; and that, in case any one or
more of them are omitted, the registration will be insuffi-
cient and fail to impart notice of the instrument. This
case was well considered and the opinion fully discusses
the points decided, and must be considered a final determi-
nation of the question involved.

The only point of difference between the facts in that
case and the one at bar is, that, while the instrument
there was copied upon the record and taken from the
recorder's office, here it was not copied and remained in

the office.   The doctrine of that case is clearly applicable
to this.   If the recording of an instrument duly filed is
insufficient without an index thereof, certainly the filing
without either the index or the recording would, under
that decision, fail to impart notice.

It is urged, that the fact of the instrument remaining
in the office of the recorder, though unrecorded and not
entered upon the index, is sufficient to give notice thereof,
under chapter 38 of the Laws of 1840 ; and *Miller* v.
*Bradford et al.* (12 Iowa, 14) is relied upon to support
this position.   The point was not in that case, neither is
any such rule announced in the opinion.   The instrument
in question in that case had been defectively recorded and
taken from the office.   It was claimed that under section
30, page 208 of the Revised Statutes of 1843, the filing
operated to impart notice.

The following language of Justice WRIGHT is relied
upon to support this view :  " We are not considering the
case where the deed was deposited for record remaining
in the recorder's office, with no attempt to record, but a
case where a deed was deposited, and so incorrectly re-
corded as to mislead a subsequent purchaser, and then
withdrawn, leaving the record as the only notice of the
conveyance."

This language cannot be fairly considered even as a
*dictum* to the effect that the filing, without further com-
pliance with the law, will operate for an indefinite and
unlimited time as notice of the existence of the instru-
ment and its contents.   In the nature of things, there
must, of necessity, exist a period of time between the
filing and recording.   The law designs that during such
reasonable time that may so intervene, the filing shall be
notice of the instrument.   But certainly, it would be
extending great indulgence to officers and parties whose
duty it is to record and procure the recording of the

instrument, to give them more than a quarter of a century, the time which expired in this case, to record and index the instrument after it is filed, and yet, to hold that during all of this long period the deed, slumbering forgotten in some out-of-the-way receptacle of the recorder's office, operates as notice to the world of its contents, while at the same time the very parties who claim under it are ignorant of its existence. Such an interpretation of the law would defeat its very object.

The filing fixes the time from which the notice of the instrument commences, under the presumption that reasonable diligence will be exercised to comply with the other directions of the law made for its lawful registration. Within what time this must be done, it is not for us now to determine, further than to hold, that a quarter of a century cannot be considered a reasonable or proper time to permit the instrument to lie unrecorded, and that the filing cannot be considered as imparting notice during this long period.

The points determined in the case of *Booth & Graham* v. *Small and Small* (*ante*, p. 177), arise also in this case. Both suits are brought for undivided interests in the same land, and they are not unlike in facts, though the question upon which this is decided does not arise in that.

The opinion in that case will indicate our ruling in this, so far as the questions therein decided arise in this case.

On account of the error above pointed out, the judgment of the District Court is

                       Reversed.