[No. 7,009.—Department No. 1.]

## MYERS et al. v. SPOONER et al.

MINING CLAIMS—MINING RULES AND REGULATIONS—CONFLICT OF EVIDENCE—
ABANDONMENT.— In an action of ejectment for a mining claim, in which the
verdict and judgment was for the defendants, the evidence was conflicting,
as to whether the plaintiffs' claim had been staked off and surrounded by a
ditch, as required by the mining rules and regulations of the district, and
also as to whether the claim had been abandoned; there being, on the latter
point, evidence tending to show abandonment, and the plaintiffs' own testi-
mony that he had not intended to abandon. *Held,* upon the first point, that
compliance with the mining rules, in the particulars specified, was essential
to the validity of the claim; and, upon the second, that the evidence of the
plaintiff as to his intentions, was not conclusive, but the intention was
to be determined from all the facts and circumstances of the case; and, the
evidence being conflicting on both points, that the verdict should not be
disturbed.

ID.— EVIDENCE — ERROR.—On the trial the defendants proposed to examine
one of the plaintiffs, (who was a witness) as to admissions, and statements,
and acts, made and done by him, before he was a tenant in common with
his co-plaintiffs; to which the plaintiffs objected, and the objection was over-
ruled. *Held,* that the ruling could not have injured the plaintiffs, since the
record failed to show that any such question ever was, in fact, asked or an-
swered by the witness.

ID.— RECORD — MISTAKE — LOCATION — NOTICE.— It appeared on the trial,
that the District Recorder, in recording the notice of one of the defendants'
claims, omitted by mistake, one of the lines, but in fact the lines were dis-
tinctly marked on the ground, as required by the mining rules. *Held,* that
the defendants were not bound by the mistake of the Recorder, and that
the actual location on the ground was sufficient to impart notice to all
comers.

APPEAL from a judgment for the defendants, and from an or-
der refusing a new trial, in the Fourteenth District Court,
County of Nevada. REARDAN, J.

The facts are stated in the opinion.

*Johnson & Cross,* and *E. B. Drake,* for Appellants.

The plaintiffs showed that they had acquired a title which
had never been forfeited, abandoned, or otherwise lost. (*Mc-
Garrity* v. *Byington,* 12 Cal. 431; *Bell* v. *Bed Rock Co.* 36 id.
214.)

There was no proof of abandonment. The plaintiffs had a
right to rest upon the custom of the district, that no labor was
required so long as it could not be done to advantage, and the
written rules did not provide for a forfeiture. Plaintiffs showed

affirmatively, that there has never been an *intention* to abandon. (*Keane* v. *Cannovan,* 21 Cal. 303–4; *Willson* v. *Cleaveland,* 30 id. 202 ; *Moon* v. *Rollins,* 36 id. 333 ; *Bell* v. *Bed Rock Co.* id. 214 ; *Judson* v. *Malloy,* 40 id. 309–310 ; *Smith* v. *Cushing,* 41 id. 99–100 ; *Morenhaut* v. *Wilson,* 52 id. 263 ; *Stone* v. *Geyser Q. M. Co.* id. 315 ; *Harvey* v. *Ryan,* 42 id. 626 ; *Bliss* v. *Ellsworth,* 36 id. 310.)

The Court erred in allowing defendants to contradict the record of the lines of their claim.

*Niles Searles,* and *A. B. Dibble,* for Respondents.

There was not only a conflict of evidence, but a preponderance in favor of the defendants. We were not estopped by the record of our claim. The sole object of the recording was to give constructive notice, and in this case, the lines were so marked and designated on the ground as to give actual notice of the location to all comers.

Ross, J. :

Ejectment to recover a mining claim. The answer denied the plaintiff's alleged title, averred title in defendants, and interposed the plea of the Statute of Limitations. The case was tried in the Court below with a jury, a verdict rendered for the defendants, upon which judgment was duly entered, and from the judgment, as well as from the order refusing them a new trial, the plaintiffs prosecute this appeal.

We have looked careful y through the record, and cannot say that the evidence does not support the verdict. It appears that on the 26th of November, 1856, E. A. Leathe, one of the plaintiffs, and one Holton, located the ground in controversy by recording the same in the mining records of the district as the Holton & Co. claims, and by posting a notice thereon, and, as some of the witnesses for the plaintiffs testified, by setting stakes at the corners, and digging a small ditch around the claims. The mining rules and regulations of the district required, among other things, that, in locating a claim, stakes should be put up at each of its corners, and also, that it should be bounded by a small ditch. At the trial there was evidence

given, on behalf of the defendants, tending to show that these requirements were not complied with on the part of the locators, under whom the plaintiffs claim. There was, therefore, a conflict in the testimony on this point. Holton, soon after the location mentioned, transferred his interest in the claims to Leathe, and left the State. None of the other locators were, so far as appears, residents of the vicinity, or knew anything of the location. Leathe left the neighborhood in a few weeks, and, for fifteen years next after the location, no work whatever was done thereon, and, so far as appears, no assertion of ownership made to the ground by plaintiffs, or for them, or on their behalf. The ground, however, is what is known among miners as " backhill " ground, and could not, and cannot, be worked to advantage until the earth in front is carried off. The rules and regulations of the district required all claims to be worked every ten days, but it seems that this rule was generally disregarded, although some of the witnesses for the defendants, who held claims in the district, testified that they had regarded it as all the time in force. The rules and regulations, however, did not provide for any forfeiture or penalty in the event the work was not performed. In April, 1858, the *locus in quo* being apparently vacant land, R. N. Palmer, and others, under the name of the "Joint Stock Company," located twenty claims, recorded them, posted a notice thereon, set stakes at the corners, and dug a ditch around the ground, and soon after sunk a shaft seventy-five feet deep thereon. This location covered a portion only of the Holton location. In October, 1859, Sweetland, Bicknell, and others, believing the Joint Stock Company to have more ground within their lines than they were entitled to hold under the local rules and regulations, located twenty-six claims, covering a portion of the Joint Stock, and the residue of the Holton location. They dug a ditch around the ground located, staked it off, posted a notice thereon describing the ground, and filed a copy thereof for record. In recording this notice the District Recorder omitted, by mistake, one of the lines. In 1869, the Joint Stock Company, the Sweetland and Bicknell Company, and still another company claiming ground to the west of them, consolidated their claims under the name of the Joint Stock Company, reditched the whole, and placed large painted stakes

at the corners and angles thereof, containing the name of the company.    The deed of consolidation was executed in 1871. The companies named also sunk a shaft 118 feet deep, drifted, and mined the claim, always keeping the exterior ditches well defined, and the stakes in place, until 1872, when they sold to the present defendants, who have since worked the claims.    In November, 1871, R. B. Patton, one of the plaintiffs, obtained a deed from Leathe for one share in the Holton claim, and entered upon it, reset the stakes, and dug a ditch all around it, except on the boundary line between it and the Watson and Stevens claim; and he performed work on the ground during that year and the succeeding years of 1872–3–4 and 5.

We think the evidence sustains the verdict: first, because if it were true, as some of the testimony given on the part of the defendants tended to show, and of which the jury were the judges, that in locating the Holton & Co. claims the important conditions of the local rules and regulations requiring the boundaries to be marked with a ditch, and stakes to be placed at the corners, were not complied with, then it would follow that no valid location was made; and the jury having found for the defendants upon this as well as upon all other questions of fact, we cannot disturb the verdict—there being a substantial conflict in the evidence.  Secondly, we cannot say, upon the facts as they are made to appear in the record, that the jury was not justified in finding an abandonment of the Holton & Co. claims prior to the location of the same ground by the parties under whom the defendants claim.    Abandonment is a question of intention, and of this intention the jury were to judge, and did judge, in view of all the facts and circumstances of the case. It is true, as stated in the brief of counsel for appellants, that Leathe testified at the trial that there was no intention by him or his co-locators to abandon the claims.    But his testimony to that effect was not conclusive upon the jury.    If that was so, it would follow that all any party would have to do in order to defeat the defense of abandonment, would be to *say* he did not intend to abandon.    The intention, however, is to be derived, as already observed, from all the facts and circumstances of the case.    Considering those facts and circumstances, the jury found for the defendants, and we cannot disturb the verdict on that

ground. (*Moon* v. *Rollins*, 36 Cal. 333; *Keane* v. *Cannovan*, 27 id. 303–4; *Harvey* v. *Ryan*, 42 id. 626; *Morenhaut* v. *Wilson*, 52 id. 263.)

It is urged on behalf of the appellants, that the Court below erred in permitting "evidence of the admissions and statements of plaintiff Patton, (as well as of his acts) spoken and done before he was a tenant in common with his co-plaintiffs, to go to the jury against the defendants' objections." This objection of counsel assumes what the record does not show to be the fact. On cross-examination the witness was questioned by the defendants' counsel as to his knowledge concerning the Joint Stock, the Sweetland-Bicknell, and the Joint Stock Company Consolidated locations, and in response to the question, to which there was no objection, the witness said: "I just knew of their locations by the record, and I once saw a stake which had fallen down, way down at the lower end, near the reservoir— just on the bank of the reservoir." The defendants then proposed to question the witness, Patton, concerning conversations had between him and some of the defendants prior to the conveyance to him, to which the plaintiffs objected, and which objection the Court overruled. The ruling, however, could not possibly have injured the plaintiffs, since the record fails to show that any such question ever was, in fact, asked or answered by the witness. The witness subsequently testified, "that on one occasion he carried the chain and assisted in making a survey on the Joint Stock Company's ground, and that he had suggested the name of 'Joint Stock Company' for the claim." This was responsive to the questions of counsel for defendants, already referred to, respecting the knowledge of the witness in the matter of the location by the Joint Stock Company, and was proper.

The only other point made for the appellants which we deem it necessary to notice, is, that the defendants are concluded by the lines of the claim as shown in the records of the mining district. As already stated, the District Recorder, in recording the notice filed by Sweetland, Bicknell, and others, in 1859, omitted, by mistake, one of the lines. Several witnesses for the defendants testified that all of the ground in dispute was embraced within the locations under which the latter claim, and plaintiff

Patton himself, after testifying that a portion of the premises was *omitted,* said : " In saying the Joint Stock Company's lines leave out a portion of the ground in dispute, I mean to say the lines *as described in the mining record ;* the stakes and ditches of the Joint Stock Company included all the ground in dispute. There may be a mistake in the record, by the Recorder's skipping and failing to record one of the lines in the Sweetland and Bicknell location. I do n't know as to that, I only know the record as it appears."

We do not think the defendants are bound by the mistake of the Recorder in copying the notice in the book of records. (*Kelly* v. *Taylor,* 23 Cal. 11; Weeks on Mineral Lands, § 104.)

There was testimony given at the trial tending to show that all the steps required by the local rules and regulations were performed by the locators making the locations under which the defendants claim ; that the lines were distinctly marked upon the ground, a ditch dug and kept open, stakes stuck, and notices posted. This was sufficient to impart actual notice to all comers. No one could have been injured by the mistake of the Recorder, and we think the judgment and order should be affirmed. So ordered.

MCKINSTRY, J., and MCKEE, J., concurred.