[No. 3823.]
SHEPARD v. MURPHY.

MINING CLAIMS—LOCATION CERTIFICATE—RECORD.
Where the locator of certain mining claims, within the time prescribed by statute, lodged his location certificates with the county clerk for record and was notified by the clerk that they would be recorded, but the clerk held them about six months and returned them without being recorded, when they were again returned to the clerk with a fee and recorded, the locator did all the law required of him in respect to recording his claims, and his locations cannot be defeated by subsequent locations in conflict therewith, certificates of which were recorded after the clerk received the former location certificates but before they were actually recorded. The fact that the recording fees were not paid in advance was a matter alone between the clerk and locator, and by accepting the certificates for record without demanding his fees in advance the clerk waived that condition.

*Error to the District Court of Gilpin County.*

Messrs. TELLER, ORAHOOD & MORGAN, for plaintiff in error.

Mr. THOMAS B. STUART and Mr. CHARLES A. MURRAY, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an action in support of an adverse claim. The property in controversy is claimed by the plaintiff Murphy as the owner of the T. A. P., the Fannie, and the Imo lode mining claims, and by the defendant Shepard as the owner of the Cowboy No. 1 and the Cowboy No. 2 lodes. The facts necessary to an understanding of the points decided are as follows:

The plaintiff had fully complied with all the provisions of the statute necessary to constitute a valid location of the Fannie and Imo lodes, except, as defendant contends, the recording of his claims. Within the ninety days given him by the statute to record them, he sent by mail to the office of the county recorder the two location certificates with instructions to have them recorded, and on the following day received from the recorder a reply that the location certificates had been received for record, and that the same would be recorded and returned to him. These certificates were not then filed for record, or recorded, as that official promised, but were held by him for about six months, and then returned to the plaintiff without any explanation. The plaintiff, observing that there was not the usual indorsement that the certificates had been recorded, returned them to the recorder with a fee therefor, and they were thereupon placed upon record.

Prior to the time they were actually recorded, but after the date when they were first lodged by plaintiff with the recorder

for that purpose, the defendant perfected his two locations by complying with the last step, viz, recording his certificates of location.

Though presented under different heads, there is really but one question raised by the assignment of errors and argued by counsel, and that is concerning the interpretation or construction of that portion of section 3150, Mills' Ann. Stats. (Gen. Stats. 1833, sec. 2399) which reads : " The discoverer of a lode shall, within three months from the date of discovery, record his claim in the office of the recorder of the county in which such lode is situated, by a location certificate which shall contain," etc.   The plaintiff in error (defendant below) argues that, inasmuch as the object of the recording of a location certificate is twofold, viz. first, to give notice to third persons and to the government what portion of the public domain is sought to be segregated, and, second, to comply with one of the essential steps requisite to constitute a perfected mining location, it is incumbent upon the discoverer to see to it that his location certificate is recorded within the time fixed by the statute, or if after that time, before intervening rights accrue ; else the territory is open to location by any qualified person as part of the public domain.

That the law, as thus generally stated, is true, may be granted, which the authorities (that need not be cited) sustain. · But this is by no means decisive of the controversy now before us.   That all of the steps prescribed by the statute as essential to constitute a valid location, except the recording of his location certificates, were taken by the plaintiff prior to the perfecting of the locations claimed by the defendant, is conceded.   In other words, had plaintiff's location certificates been recorded at the time they were first received for record by the recorder, plaintiff's rights would be superior to defendant's.   But it is said that, even though the plaintiff lodged these instruments with the proper officer, the failure of the latter to cause copies of them to be entered in the official records operated as a forfeiture of plaintiff's prior rights

which the recording would have confirmed. It is true the defendant maintains that the failure of plaintiff to pay in advance the statutory fees for recording these instruments was a sufficient excuse for the officer not to record them; but that fact is not important here, for the matter of the time of payment of fees was exclusively one between that official and the plaintiff; and the officer, if he saw fit, might waive that requirement.

If the direction of the statute that the discoverer shall record his claim is to be taken literally, the discoverer himself must spread upon the books of the recorder's office a copy of the location certificate; yet such a construction would make the law inoperative, for the discoverer and the public have not access to that office for any such purpose. But the defendant does insist that it is the imperative duty of the discoverer to see that such a copy is correctly entered, even though to that end he is obliged by mandamus to compel the recorder to perform his official duty; and the penalty for a failure in this respect is the loss of all rights as against intervening claimants which the discoverer would acquire had the record been properly made.

Such would be the logical result of his contention, but we cannot agree with any such harsh construction. As between conflicting claimants the statute was passed for the benefit of the latter one. Prior to the statute, or in the absence of any statute requiring a record, the prior locator in possession would be secure. Indeed, registration laws are for the benefit of subsequent purchasers or claimants; and even if our general statute upon the subject of the recording of deeds and other instruments affecting real estate does not in letter include the recording of location certificates, nevertheless it is, to our minds, only fair and reasonable to hold that they come within its spirit. If the instrument which our statute requires to be recorded in a public office is lodged with the proper officer, and the person so depositing it does all that the law requires of him as conditions precedent to the right to have it recorded, or if these conditions are, and can be,

waived by the officer, it is constructive notice to all those who thereafter deal with the property, even if the recorder neglects to record it.

We are aware that there are some cases, particularly among the earlier ones, apparently opposed to this conclusion, such as *Sawyer et al. v. Adams*, 8 Vt. 172, *Sanger v. Craigue*, 10 Vt. 555, *Barney v. McCarty*, 15 Ia. 510, *Nickson v. Blair*, 59 Ia. 531, and *Yerger v. Barz*, 56 Ia. 77, but we are of opinion that the doctrine they lay down, if contrary to our conclusion, is unsound. The better rule is expressed, substantially as we have phrased it, in Wade on Notice, §§ 162, 170, and cases cited, 1 Lindley on Mines, § 390, and cases cited, *Hoffman v. Mackall*, 5 Ohio St. 124; 64 Am. Dec. 637, *Merrick v. Wallace*, 19 Ill. 486, *People v. Bristol*, 35 Mich. 28, *Beverly v. Ellis*, 1 Randolph (Va.), 102, *Myers v. Spooner*, 55 Cal. 257, *Nichols v. Reynolds*, 36 Am. Dec. 238, *Harrold et al. v. Simonds et al.*, 9 Mo. 323, *Bigelow v. Topliff*, 25 Vt. 273, 60 Am. Dec. 264, and *Booth v. Barnum*, 9 Conn. 286; 23 Am. Dec. 339.

Applying this principle to the facts of this case, we have no difficulty in sustaining the ruling of the court below. The plaintiff lodged his location certificates with the proper officer, and was notified that they would be recorded. It is true the fees were not paid in advance, but that condition was waived. Under the facts we are clearly of opinion that plaintiff did all the law required of him in respect to recording his claim.

The abstract of the record is imperfectly prepared, but, as we read it, the assertion of the plaintiff is borne out that if the Fannie and Imo lodes are, because of the alleged defect in the record, junior to the two lodes of the defendant, the territory in controversy is fully covered by the T. A. P. lode owned by plaintiff, and as to its seniority to both of defendant's claims there is, and can be, no question. This being so, the plaintiff's rights under the T. A. P. lode are prior to those of the defendant.

In the state of the record as it is now before us, under our

former decisions relating to appellate practice we might affirm the judgment for reasons more or less technical, but as the same result follows from a decision of the cause on its merits, we have preferred to place our decision upon the more substantial ground.   The rulings of the trial court complained of being in accordance with the views expressed in the opinion, its judgment should be affirmed, and it is so ordered.

*Affirmed.*