PIPE *v.* SMITH.

1. It is competent to make certain the subject-matter of an exception in a · deed made in general terms, by evidence *aliunde.*

2. Where general terms of description are used in a deed of conveyance, parol evidence is admissible to apply it to the subject-matter; and when the subject-matter of an exception is described in general terms, the same rule applies.

*Appeal from District Court of Jefferson County.*

ENSIGN B. SMITH, the appellee, commenced an action of ejectment in the district court of Jefferson county against Pipe, the appellant, at the May term, 1873. The plaintiff claimed title in fee to lots numbered one to six, inclusive, in block numbered nine in Bush and Fisher's addition to the town of Golden. The defendant appeared and pleaded the general issue. Upon the trial, as appears by the bill of exceptions, the plaintiff offered in evidence : First, a patent from the government of the United · States to Henry Altman, probate judge of Jefferson county and Territory of Colorado, and his successors and assigns, in trust, etc., to the east half of the south-east quarter of section twenty-eight, and the west half of the south-west quarter of section twenty-seven, in township three south, range seventy west, in pursuance of the town site entry of Golden City, under the act of Congress approved May 23, 1844, entitled, "An act for the relief of the citizens of towns upon the lands of the United States under certain circumstances," which patent bears date the first day of September, A. D. 1866. Second, a deed duly acknowledged and recorded from Joseph Mann, probate judge, to him, plaintiff; to the introduction of which defendant objected, because there was no evidence that Judge Mann, who was then acting in the capacity of a trustee, had complied with the law in the execution of such deed ; second, because there was no evidence to show that the said E. B. Smith, grantee in said deed, or any person under whom he claimed, had

filed or presented any claim in writing before the probate judge to the property mentioned in said deed, within the time required by law, or that the said Smith ever filed any such statement or claim in writing for said premises before said probate judge; third, because there was no evidence to show that the said Smith was in the occupation of said property at the time the town site of Golden City was entered or at any other time, or that he was in the possession of said property at any time. The court overruled the objections and allowed the deed to be read in evidence, to which ruling the defendant then and there excepted. It was here admitted that the said Joseph Mann was probate judge at the time the said deed was executed. The deed is in the words and figures following, to wit: " This deed, made this eleventh day of October, in the year of our Lord one thousand eight hundred and sixty-nine, between Joseph Mann, probate judge, in and for the county of Jefferson and Territory of Colorado, party of the first part, and Ensign B. Smith, of said county, of the second part, witnesseth : that the said party of the first part, for and in consideration of thirty-five dollars and thirty-seven cents, to him in hand paid, and for the fulfillment of the trusts in the probate judge reposed, in the entry of the town site of Golden City at the United States land office, hath remised, released and quit-claimed, and by these presents do remise, release and quit-claim unto the said party of the second part and to his heirs and assigns forever, all the following described land, situate in the county of Jefferson, and Territory of Colorado, to wit: Commencing at the northeast corner of the north-west quarter of the south-west quarter of section No. (27) twenty-seven, in town (3) three south, range (70) seventy west, running thence west (20) twenty chains, thence south (2) two chains, thence south (34° 30′) thirty-four degrees and thirty minutes, (23¼) twenty-three and one-quarter chains, thence east (7) seven chains, thence north (20) twenty chains, to the place of beginning, containing 28 30-100 acres, the same being on the east side

of East street in the town of Golden City; and a portion of the north-west quarter of the south-west quarter of section 27, township 3 south, range 70 west, together with all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part, of, in or to the above-described premises, and every part and parcel thereof, with the appurtenances; to have and to hold all and singular the above-mentioned and described premises, together with the appurtenances, unto said party of the second part, his heirs and assigns, forever.

In witness whereof the said party of the first part has hereunto set his hand and seal the day and year first above written.

(Signed,)              JOSEPH MANN,

[SEAL]             *Probate Judge.*"

The defendant admitted "that the lots in dispute in this case are a part of the land described in the said deed from Joseph Mann, probate judge, to Ensign B. Smith, just read in evidence, and that the defendant was at the date of the commencement of this suit, and still is, in possession of said lots."

The plaintiff here rested his case.

The defendant then offered and read in evidence a deed of conveyance in words and figures as follows: "This deed, made this twenty-third day of December, in the year of our Lord one thousand eight hundred and sixty-four, be tween Jonas M. Johnson, probate judge [holding lands in trust for the occupants of lots in Golden City] of the county of Jefferson and Territory of Colorado of the first part, and William A. H. Loveland [according to an agreement entered into by the settlers of said town] of the county of Jefferson and Territory of Colorado of the second part, witnesseth: That the said party of the first part, for and in considera-tion of the sum of five hundred dollars to the said party of the first part, in hand paid by the said party of the second part, the receipt whereof is hereby confessed, hath granted,

bargained, sold and conveyed, and by these presents doth grant, bargain, sell, convey and confirm unto the said party of the second part, his heirs and assigns forever, all the following described lots or parcels of land, situate, lying and being in the county of Jefferson and Territory of Colorado, to wit: The east half of the south-east quarter of section twenty-eight, the west half of the south-west quarter of section twenty-seven, the east half of the north-east quarter of section thirty-three, and the west half of the north-west quarter of section thirty-four, township three south, range seventy west, *excepting what lots has heretofore been deeded to occupants or settlers, and what now remains in litigation and the title yet undetermined by the probate judge, holding them in trust for the occupants of the town site of Golden City under the pre-emption laws of Congress, for the use of the occupants thereof;* to have and to hold the same, together with all and singular the appurtenances and privileges thereunto belonging, or in anywise appertaining, and all the estate, right, title, interest and claim whatsoever of the said party of the first part, either in law or equity, to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns forever. And the said party of the first part, the aforesaid tracts or parcel of land and premises unto the said party of the second part, his heirs and assigns, against the claim or claims of all and every person whatsoever, doth and will warrant and forever defend by these presents.

In witness whereof the said party of the first part hath hereunto set his hand and seal the day and year first above written

   (Signed,)           JONAS M. JOHNSON,
   [SEAL]                     *Probate Judge.*

Signed, sealed and delivered in presence of A. O. Patterson."

This deed had been duly acknowledged and recorded on the day of the date thereof. The defendant here introduced

and read in evidence thirteen other deeds and a title bond, showing a claim of title from William A. H. Loveland to and connecting himself with such title.    The defendant then offered in evidence two plats, to wit: one of Fisher's new survey of the town of Golden City, and the other the plat of Bush and Fisher's addition to Golden City, and, "to shorten the record, the plaintiff admits that the said plats both cover the same land, and such land is that part of the south-west quarter of section twenty-seven of Golden City town site lying east of East street, and the same land described in the deed from Mann, probate judge, to Ensign B. Smith, heretofore read in evidence.    And the plaintiff here further admits that the said land, as included in said Fisher's new survey, was divided off into blocks and numbered respectively, blocks 39, 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49."

And the defendant here rested.

The plaintiff, by way of rebuttal, here proved by A. D. Jameson that "witness is county judge of Jefferson county, Colorado.    This book marked 'B' is one of the books of record of the probate court of said Jefferson county.    The nine papers contained in this wrapper marked 'G' are records and files in the said county judge's office, or papers in the case of *Hine* v. *Smith*, formerly pending in the probate court of said county, and are all the papers witness can find belonging to said case in said office, after making diligent search for same."    Plaintiff here offered in evidence the said nine papers in said wrapper marked 'G,' referred to by witness Jameson, and which papers for convenience are designated as Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9, respectively, and paper No. 1, being a number of different papers attached together; the said different papers, composing paper No. 1, are here designated as A, B, C, D, E, F and H, to which papers and each thereof, and to each of said papers lettered as aforesaid, the defendant objected as evidence and to the same being read, for the following reasons, to wit: "1st. Because the same and each and every

thereof are immaterial, irrelevant and not competent testimony. 2d. Because the same are offered as a whole and not separately. 3d. Because the same do not constitute proper rebuttal testimony. 4th. Because neither the same nor either thereof show any reference to the lots in dispute in this suit. 5th. Because it cannot be ascertained or determined from said papers what particular piece of land, if any, was in dispute between Hine and Smith in that suit. 6th. Because it cannot be determined from those numbers of said papers which were in existence before December 23, 1864, what land was in dispute, if any, between said Hine and Smith, that is to say, none of the said papers which were in existence before or on the 23d day of December, 1864, the day the deed from J. M. Johnson, probate judge, to W. A. H. Loveland was made and delivered, and which was read in evidence by the defendant herein, shows what land or lots, if any, was in dispute or litigation in said suit of *Hine* v. *Smith*, and none of the said papers filed in said cause after said deed was delivered to Loveland can bind Loveland or his assignee. 7th. Because so far as the statement of the said Hine, filed in said cause, is concerned, and which was the only paper in existence at the date of the Loveland deed, which gives, or pretends to give, a description of the land in dispute in said suit of *Hine* v. *Smith*, and which statement is paper lettered ‘A,’ the same does not describe any particular piece of land so that the same may be located thereby. 8th. Because the said papers fall short of establishing the fact that the particular lots or lands in question in this suit were in litigation when the said deed from the probate judge to Loveland was executed and delivered, and are therefore immaterial and not relevant testimony.”

The objections were overruled, and exceptions reserved. The said papers were substantially as follows:

### No. 1.—“A”

Petition of Hine to the probate judge to the effect that

the petitioner "is the owner and occupant of a *portion of the west half of south-west quarter of section* (27) *twenty-seven, and east half of the south-east quarter of section twenty-eight, entered and included in the town site of Golden City, Jefferson county, C. T.,* owned and occupied by your petitioner. Your petitioner therefore prays that a deed for the above-mentioned tract of land may issue conveying said property to your petitioner in pursuance of law.

GOLDEN CITY, *December 5th,* 1864.

　　(Signed,)　　　　　　　　　　HENRY B. HINE.

Continued until next term. J. M. Johnson, probate judge. Indorsed, Henry B. Hine, applicant for deed, Colorado Territory, Jefferson *Territory.*

Filed December 5th, 1864.

　　　　　　　　　C. C. CARPENTER, *Clerk,*
　　　　　　　By A. O. PATTERSON, *Deputy.*"

## "B."

"On the 16th day of January, 1862, D. K. Wall pre-empts the following described property, as described by E. L. Berthoud, county surveyor, to wit : Beginning at a stone lying on the north side of Clear creek, where Tucker Gulch creek enters Clear creek, and from said stone north 86° east, 8¼ chains to a post, thence north 50° east, 4½ chains to a pine post, thence north 30° west, 10 chains to a large cottonwood 40 $\frac{26}{100}$ from Clear creek, thence north 34¼ east, 5 chains to another large cottonwood 50 links from Clear creek, thence north 39° east, 4½ chains to another large cottonwood 70 links from Clear creek, thence north 21° east, 7½ chains to a stone mound, thence north 20 chains to stone mound, thence west true course, 40 chains, to another stone mound, thence south 22½ west, 11¼ chains to the north-east corner of Golden City town site, thence along said boundary to place of beginning, 38½ chains, with course of 50° 31' east, said land containing 143$\frac{3}{10}$ acres. The above pre-emption is recorded in book B, page 271, and dated January 16th, A.

D. 1862. Wall to Hine deed, on the 25th day of June, 1862, D. K. Wall conveys, by deed of record, the above-described property to H. B. Hine, for $2,000.00. Deed is duly recorded in book 'D,' pages 171 and 172."

Certificate of county clerk and recorder to the correctness of the foregoing, and that the title remained in Hine on the 31st day of December, 1864.

### "C."

Certificate of county surveyor of the correctness of survey, and the following certificate of the county clerk.

"TERRITORY OF COLORADO,  }
   County of Jefferson.     }  ss.:

I, C. C. Carpenter, clerk of said county, do hereby certify that that portion of the north-west one-fourth, of south-west one-fourth, Sec. 27, T. 3 S., R. 70 west, embracing 28 30-100, according to the within claim or farm originally entered by D. K. Wall, and duly recorded in book B, page 271, and dated January 16th, A. D. 1862 (copy of said entry is herewith attached), and I further certify that the said 28 30-100 acres is embraced in the entry of the town site of Golden City.

In witness whereof I have hereunto set my hand and seal of said county this 2d day of January, 1865.

C. C. CARPENTER, <em>Clerk.</em>

By A. O. PATTERSON, <em>Deputy.</em>

Commencing at the north-east corner of the north-west quarter of the south-west quarter, section 27, township 3 south, range 70 west, running thence west 20 chains, thence south 2 chains, thence south 34° 30', 23¼ chains, thence east 7 chains, thence north 20 chains to the place of beginning, containing 28 30-100 acres."

### "D."

Appeal bond from Hine to Smith, reciting, "that, whereas Henry B. Hine lately obtained a decree in the probate

court in and for the county of Jefferson, and Territory of Colorado, for the title to a certain piece of land held in trust for the occupants of the towns ite of Golden City. Now if the said Ensign B. Smith shall prosecute his suit with effect or shall pay whatever damages and costs may be adjudged against him, then this obligation to be void, otherwise to remain in full force and effect." Duly signed and approved January 10, 1865.

### " E."

Summons and sheriff's return of service, commanding the appearance of Smith before the probate court to answer the claim of Hine to land described as " 28 acres in section 27, town 3, range 70 west, and lying in the town plat of Golden City."

### " F."

" In the matter of the application of Henry Hine, on application to pre-empt certain lands, parcels of the town site of Golden City, Ensign B. Smith, summoned by the order of the probate judge of Jefferson county, Colorado Territory, moves the said probate judge to dismiss the said proceeding for the following reasons :   First, because said application is not made within the time required by law ; second, because said proceedings should have been by bill in chancery, and for other good and sufficient reasons of record.   Wherefore he claims that said application may be dismissed.

(Signed,)                    BROWNE, HUNT & COCHRAN,
                                        *Attorneys for Smith.*

Overruled.                    J. M. JOHNSON, *Probate Judge.*

Indorsed :  Henry B. Hines, application to pre-empt part of Golden City.

Motion to dismiss, filed January 2d, A. D. 1865.

                    C. C. CARPENTER, *Clerk.*

                    By J. O. ALLEN, *Acting Deputy.*"

## "H."

Subpœna issued January 2, 1865, for certain witnesses to appear before the probate court to testify on behalf of Hine in a cause pending in said court, "wherein H. B. Hine is plaintiff, and E. B. Smith is defendant."

### No. 2.

"JEFFERSON COUNTY, *Colorado Territory.* } *ss.:*

In the matter of the claim of H. B. Hine and E. B. Smith for a title to a portion of the Golden City town site. It appearing that the original papers in the cause before said probate judge have been sent up to the supreme court and are now·on file in the office of the clerk of said court, and they being necessary for the trial of said matter and can only be withdrawn by leave of said court, it is therefore stipulated that the hearing of said cause set for the 6th inst. be continued until said papers can be so withdrawn by leave of said supreme court, either party having leave to file amended petitions in said cause at any time before time.

(Signed)          S. E. BROWNE, *Att'y for Smith.*
                  ALFRED SAYRE, *Att'y for Hine.*"

### No. 3.

"Summons to Smith and Hine to appear before the probate judge of Jefferson county on the 9th day of April, 1866, to contest their respective rights to the north-west quarter of the south-west quarter of section twenty-seven, township three (3) south, range seventy (70) west, being a portion of the town site of Golden City, in said county, under an act entitled 'An act prescribing rules and regulations for the execution of the trust arising under the act of Congress entitled 'An act for the relief of citizens of towns upon lands of the United States under certain circumstances,' approved March 11, 1864. Served by reading to Smith, Hine 'not found.'"

No. 4.

"Jefferson County, }
  Colorado Territory. }  *ss.:*

Before the probate judge. In the matter of the claim of Henry B. Hine and Ensign B. Smith for title to certain parts of the Golden City town site. It is hereby stipulated and agreed by and between the said Henry B. Hine and Ensign B. Smith, that the probate judge of said county of Jefferson shall convey to the said Ensign B. Smith the premises described in the several claims of said parties by such deed of conveyance as is authorized by law, and that the said Ensign B. Smith pay to the said probate judge the costs and expenses of making such conveyance, and also the sum due for the value of such premises as provided by the statute of said Territory of Colorado in that behalf.

(Signed)          Ensign B. Smith,

By Sam. E. Browne, *his Attorney.*

Henry B. Hine,

By Alfred Sayre, *his Attorney.*

Indorsed, *Hine v. Smith.*
Stipulation, filed October 2, 1869.

J. Mann, *Probate Judge.*"

No. 5.

"*Ensign B. Smith,* appellant, v. *Henry B. Hine,* appellee. Appeal from judge of probate of Jefferson county. January term, 1865.

The appellee, who was the petitioner below, filed his statement with the probate judge of Jefferson county, claiming to own and occupy the premises described therein in pursuance of the act of Congress of the 23d May, 1844, authorizing the entry in the land office of the proper land district a portion of the public domain in trust for the several use of citizens in towns situated on the public lands. The petition is dated the 5th day of December, 1865, and recites that petitioner is the owner and occupant of a por-

tion of sections 27 and 28, entered and included in the town site of Golden City, and prays the probate judge to execute a deed to him for the land therein described. The appellant, Smith, appeared before the probate judge and contested the claim of the petitioner, but upon what ground the record does not show, inasmuch as no statement of the claim of Smith to the land in question appears to have been filed by him. The determination of the probate judge was made in behalf of the appellee to the land described, at the January term of the probate court, 1865, from which determination Smith appealed to this court. We find no assignment of errors filed in this court, but in lieu thereof a brief filed by the counsel for the appellee, to which no counter brief was interposed. We are disposed to overlook the neglect to file an assignment of errors in this particular case, but we announce that in the future, in every case where the usual plea shall be wanting, the appeal will be summarily dismissed without further inquiry. This being a special proceeding out of the usual course, and in some sense, an anomalous one, we waive the irregularity in this instance of not formally assigning errors to be relied upon by the appellant. There is nothing on the face of the record from which we can ascertain the time when the entry was made in the land office of the United States by the probate judge, nor is it shown by the papers in the cause what section or part of sections of the public domain were so entered by the proper evidence in such case.

It is claimed that this proceeding was instituted under the special act of the legislative assembly, approved 3d of March, 1864, and that the appeal therefor should have been taken to the district court of the proper district; but we think the application was made under the general act of 11th of March, 1864, because in his petition Hine does not describe himself as residing on the land in dispute at the time of the entry by the probate judge, and as having been a party to the agreement mentioned in the first section of special act of 3d March, 1864. Under either act it was

clearly incumbent, upon the appellee Hine, particularly to set out and define the lands and specify the lots which he sought to have conveyed to him. The petition of the claimant is the foundation of the whole proceeding. It answers for the declaration in the cause, and it does not specify by metes and bounds the lands claimed by him with such certainty that the probate judge could execute a proper conveyance to the claimant. The evidence in the case introduced by the appellee specifically described the lands claimed, but it may as well have embraced any other portion of sections 27 and 28 as the portion designated. The claim or statement of the claim of Hine is the pleading in the case, and the plea and evidence must agree. The evidence adduced enlarges and defines the statement, and it is from the evidence, and not from the statement or claim filed, that the probate judge could accurately describe in the conveyance the land adjudged by him to the claimant Hine. Inasmuch as we think the petition or statement of Hine to be the basis of the whole proceeding, we do not find it necessary to consider other objections urged by the parties, but remand the cause, with leave to the appellee to amend his petition or statement, and for such other proceedings after such amendment as may be deemed necessary in the premises.

By the Court. Proceedings reversed with costs and cause remanded. The chief justice, having been of counsel, did not sit in the case.

Indorsed : *E. B. Smith* v. *Henry B. Hine.*
Opinion filed January 18th, 1869.

M. L. HORR, *Clerk.*"

## No. 6.

" TERRITORY OF COLORADO, }
      *County of Jefferson.* }  *ss. :*

To the sheriff of Jefferson county : You will give notice to Ensign B. Smith and Henry B. Hine, adverse claimants to certain lots or parcels of land in the Golden City town

site. Whereas, Ensign B. Smith has this day filed in the
probate court of Jefferson county the decision of the su-
preme court of Colorado Territory, remanding said cause to
the probate court for a new trial, Now you, Ensign B.
Smith and Henry B. Hine, will each of you be and appear
before the probate judge of Jefferson county, at his office
in Golden City, on the 6th day of July, A. D. 1869, at ten
o'clock, A. M., of said day, when and where your proofs
and allegations will be heard in reference to said adverse
claim.

Witness, J. M. Johnson, probate judge, and *ex-officio*
clerk of the probate court at Golden City, Jefferson county,
this 24th day of June, A. D. 1869.

[SEAL.]          J. M. JOHNSON, *Probate Judge.*"

This citation was served by the sheriff June 25th 1869, by
personal service on Smith, and notice to Alfred Sayre, at-
torney of Hine.

### No. 7.

"In the matter of Henry B. Hine, who claims a certain
portion of the town site of Golden City, vs. Ensign B.
Smith. Petition to the probate court or judge of Jef-
ferson county for title. And now comes the said Ensign B.
Smith, and files with the probate judge of said county the
certificate of the clerk of the supreme court annulling and
reversing the former order of the said probate court in the
premises, and prays tha the may be permitted to file his
claim for the title to said premises described in the evidence
in said proceedings, and that the probate judge will forth-
with cause such other and further proceedings in the prem-
ises to be taken on the part and behalf of the said Henry B.
Hine, as are ordered and directed in the judgment of the
supreme court of Colorado Territory in that behalf, by a
short day to be named in such order, and issue citation
thereon.

S. E. BROWNE,

*Attorney for E. B. Smith, the claimant and contestant.*"

Indorsed : Filed January 24, 1869.

No. 8.

"In the Supreme Court of the Territory of Colorado, at the July term thereof, A. D. 1868, *Ensign B. Smith, appellant*, v. *Henry B. Hine, appellee*. Appeal from probate court, Jefferson county. This cause having been argued and submitted to the court heretofore, and at the July term, A. D. 1867, and hereupon all and singular the premises being seen, and by the said court before the justices thereof, now here fully understood, and mature deliberation being thereupon had, it appears to the said court that in the record, and proceedings aforesaid, there is manifest error. Therefore it is considered that the judgment aforesaid for the errors aforesaid, be revoked, reversed and altogether held for naught and that the said appellant be restored to all things which he hath lost by occasion of said judgment. And it is further considered that said appellant do have and recover of and from the said appellee the sum of ——— dollars and ——— cents, for his costs and charges by him laid out and expended in the prosecution of the aforesaid appeal, by the said court now here adjudged to the said appellant with his assent, and that execution issue therefor; and it is further ordered that this cause be remanded. The chief justice, having been of counsel, did not sit in this cause.

Certificate of the clerk of the Supreme Court that the foregoing order was made and entered of record in said court in said cause January 18th, 1869."

Filed June 24, 1869.

No. 9.

"To the Hon. Jonas M. Johnson, probate judge of Jefferson county, in the Territory of Colorado :

I, Ensign B. Smith, of said county, do hereby file my claim for title to a certain portion of the Golden City town site, in said county, and which is particularly and fully described on the plat or map herewith filed, marked 'A,' and in the description thereof, also herewith filed, marked

' B,' and both of which are made a part of this petition. And the said claimant further says that he claims title to the said land and premises by virtue of settlement, occupancy, and lasting and valuable improvements made thereon by his grantor and purchased by him. Said claimant further says that he occupied and cultivated said premises for four years, and paid all taxes assessed against the said premises for said period. He files this claim as an amendment to his former claim on the 25th day of May, A. D. 1866, and in pursuance of the judgment of the Supreme Court of said Territory.

(Signed,)                                    E. B. Smith.

Beginning at the north-east corner of Golden City town site, as established by N. P. Reynolds, county surveyor, or which north-east corner of town is also the north-east corner of the west one-half of south-west quarter, section 27, town No. 3 south, range 70 west, and from said corner west true course 20 chains to a one-quarter section corner, thence south true course 2 chains 28 links, to a stake, thence along east side of East street as originally laid out and as shown in plat on record in Jefferson county, south 35° 30' east 21 chains 74 links to a stake, thence east true course 7 chains 52 links to a corner on east boundary of town site, thence north true course 20 chains to the point of beginning: said tract of land containing 29 and 65-100 acres, more or less, and surveyed and lines run with a variation of 15° east.

E. L. Berthoud, *Engineer.*
Indorsed: Filed July 2d, 1869.

J. M. Johnson, *Probate Judge.*"

The plaintiff then offered an entry in evidence in book " B," referred to by witness Jameson, on page 119, to which the defendant objected, because the same was irrelevant, immaterial and incompetent testimony, but the court overruled the said objection and allowed the said entry to be read in evidence, to which ruling of the court the defend-

ant then and there excepted, which entry is in the words and figures following, to wit: "Henry B. Hine and Ensign B. Smith, contestants to certain lands in Golden City town site, before J. M. JOHNSON, probate judge. Suit remanded with leave to appellee to amend petition. By agreement of parties, suit was set for Friday, the 23d of· August. Hine, by his attorney, Alfred Sayre, asked for subpœna, and which was issued. July 23d, Henry B. Hine appeared, by Alfred·Sayre, his attorney, and E. B. Smith by Browne and Mechling, his attorneys, and by agreement of counsel this cause is continued for sixty days, or ·until September the 2d, 1869, at ten o'clock A. M.

Attest, J. M. JOHNSON, <em>Probate Judge.</em>"

The plaintiff then offered in evidence an entry on page 17 of said book " B," to which the defendant objected, because the same was incompetent, irrelevant and immaterial evidence, but the court overruled the said objections and allowed the said entry to be read in ·evidence, to which ruling of the court the defendant then and there excepted ; said entry is in the words and figures .following, to wit: " *Henry B. Hine* v. *E. B. Smith.* In chancery. January term. And now, on this second day of the term comes plaintiff by his attorney, and E. B. Smith by his attorney, whereupon plaintiff moves the court to give judgment for plaintiff (defendant not having set up any claim in writing nor deposited the money as required by statute), and grant deed for the land claimed in plaintiff's petition ; whereupon the court, after examining the petition and evidence, and the money having been tendered as required.by section — ordered the petition granted and a deed to be made to Henry B. Hine, plaintiff; whereupon the defendant gave notice of. appeal.

Attest, J. M. JOHNSON, <em>Probate Judge.</em>

Transcript made February 7th, 1867."

The plaintiff then called J. M. Johnson as a witness, who testified that he·was probate judge of Jefferson county in

1864, and as such probate judge executed the deed to Loveland, introduced in evidence by the defendant. The following question was here asked witness: "What lands were in litigation át the time you executed the Loveland deed? To which the defendant objected, because not the best evidence, incompetent, irrelevant and immaterial; that if there was any land in litigation, the record of the suits was the best evidence, and the same could not be shown by parol, but the court overruled said objections, to which ruling the defendant then and there excepted — witness answered: There was the first lot on the corner, where Everett's Bank is, and these fifteen acres on the east side of East street, the same land that Smith claims now. *Question:* Who was litigating about that land? Objected to by defendant, because not competent, material or rebuttal testimony, but the court overruled said objections, to which ruling the defendant then and there excepted. *Answer:* Mr. Hine and Mr. Smith. The trial was commenced before me, before the Loveland deed was made. *Question:* Did Mr. Loveland, at the time you made this deed, claim that land at all that Smith and Hine were litigating about? To which defendant objected because not competent, material or relevant, and not rebuttal, but the court overruled said objections, to which ruling of the court the defendant then and there excepted. *Answer:* No, sir, there was no claim set up by anybody except these two men before me. Here the papers in wrapper 'G,' heretofore introduced, were handed this witness, who said part of these were filed before me and part not. I went out of office before that litigation was finally determined. This entry in book 'B,' page 17, is in my handwriting, and concerns this land, was made in suit between Hine and Smith, and entry on page 119 is also in my handwriting. *Question:* Was it with reference to this land and these lots which you say were in litigation that you made the exceptions in the Loveland deed? To which the defendant objected because neither competent, material or relevant, but the court overruled the said objections, to

which ruling the defendant then and there excepted. *Answer :* Of course it was."

Here the evidence was closed, but afterward, on the 21st of November, 1877, on motion of the plaintiff, the case was re-opened and the plaintiff introduced Joseph Mann as a witness, who testified as follows : I was probate judge of Jefferson county in 1868 or 1869, am not certain which. The following question was then asked witness : " Was there a matter in controversy before you while you were probate judge, between Hine and Smith in reference to land ? To which question the defendant objected, because the evidence sought was not the best evidence, not competent, could not be proved by parol, but the court overruled said objections, to which ruling the defendant then and there excepted. *Answer :* There had been before I came into office. There was a stipulation filed before me between Hine and Smith. I never tried any matter between them. This is the stipulation, referring to one of the papers in wrapper ' G,' and is paper No. 4. I made a deed to Smith in pursuance of that stipulation. I do not think I made any record of the matter."

Jonas M. Johnson was then sworn on part of plaintiff, and said : " I do not recollect whether I made any other entry in suit of *Hine* v. *Smith,* than those on pages 17 and 119 of book ' B.' "

*Question :* " Can you describe the land in controversy between Hine and Smith ? To which the defendant objected, because the evidence sought was not the best evidence, and is incompetent, irrelevant and immaterial. Such fact cannot be established by parol. But the court overruled said objections, to which ruling the defendant then and there excepted. *Answer :* It is a portion of section twenty-seven, lying between the east line of the part of the subdivision of the quarter on East street ; is a part of the south-west quarter of said section, that part which lies east of East street. *Question :* Did Mr. Hine file along with his petition, subsequently or before you decided the

case, a survey showing the land he claimed? To which defendant objected, because immaterial and not the best evidence, but the court overruled the said objections, to which ruling the defendant then and there excepted. *Answer :* Before I made the decision there was a survey bill of this particular portion filed before me by Hine, which described particularly the piece of land I have mentioned that lies east of East street, in section twenty-seven; I can tell why I know it was filed; when he first applied for this land, he applied for the whole as farming land; I told him I had no right to give a deed for that, but must confine it to what is in the town of Golden City; he then got a surveyor and made a survey bill of this particular portion, and had it filed with the court; this must have been before I gave a decision; I could not say now, but I suppose it was before then, because otherwise I would not have given a decision; there was no house on that land at that time except the remains of the house of the original proprietor of the land, David K. Wall. On cross-examination witness said, I do not remember whether the survey bill was filed before the 23d day of December or not; I do not think it was filed after the case had been decided by the supreme court, but am quite confident it was done before then; that part of said town site lying east of East street was not then laid off into lots and blocks, nor at any time prior thereto."

Here the plaintiff, E. B. Smith, was sworn in his own behalf, and testified : "I was present at the trial of the suit between Hine and myself before J. M. Johnson, probate judge, but do not recollect particularly the evidence given in that case. *Question :* Was there a survey given in evidence at that time? To which the defendant objected, because such evidence is immaterial, irrelevant and not competent, but the court overruled said objections, to which ruling of the court defendant then and there excepted. *Answer :* I think there was; I know when that survey was made, but cannot now give the date. *Question :* Of what land was

that survey given in evidence? To which defendant
objected, because not the best evidence, incompetent and im-
material, but the court overruled the said objections, to
which ruling the defendant then and there excepted.
*Answer :* The portion of section twenty-seven lying east of
East street. *Question :* Describe that land, if you can.
To which question the defendant objected, because incom-
petent, irrelevant and immaterial, and not the best evidence,
but the court overruled said objections, to which ruling the
defendant then and there excepted. *Answer :* It is the
west half of the south-west quarter, I think, of section
twenty-seven, that lies east of East street."

Here the plaintiff read in evidence a private act of the
legislative assembly of Colorado Territory, entitled "An
act to legalize and confirm the entry of the town site of
Golden City approved March 3d, 1864, found on pages 213
and 214, Session Laws of 1864.

The defendant here read in evidence certified copy from
the register and receiver's office of the town site entry of
Golden City, showing that such entry was made on the 18th
day of January, 1864, whereupon the court found the issues
in favor of the plaintiff, to which finding the defendant then
and there excepted, and thereupon the court gave judg-
ment upon said finding in favor of the plaintiff, to which
judgment the defendant then and there excepted.

To reverse this judgment the defendant below prayed
an appeal to this court.

Messrs. WILLARD TELLER and A. H. DE FRANCE, for
appellant.

Mr. JOHN W. BLACKBURN, for appellee.

ELBERT, J. The deed made by the probate judge to
Loveland excepted from the grant "what lots have hereto-
fore been conveyed and what now remain in litigation, and
the title yet undetermined by the probate judge, holding
them in trust for the occupants of the town site of Golden

City, under the pre-emption laws of Congress, for the use of the occupants thereof."

It was competent to make certain the subject-matter of this exception by evidence *aliunde.* The exception in the deed being of lands in litigation and undetermined by the probate judge, the record and files in the case of *Hine* v. *Smith*, pending before the probate judge at the date of the deed to Loveland, was the best evidence to show what lands were in controversy in that case, with a view of showing the subject-matter of the exception.

We think that the records and files put in evidence sufficiently described and made certain the lands in litigation, and thus definitely ascertained the subject-matter of the exception. The "written statement" of Smith, and the plat and survey of the surveyor Davis, according to Johnson's testimony presumably filed by Hine, described by metes and bounds the lands in controversy. It is objected that these documents were not in the case at the date of Loveland's deed, and cannot be used as evidence against him or his grantees. This is not tenable. They both appear to have been put in and used in the progress of the litigation for the purpose of accurately and definitely describing the lands litigated. They do not change, but make definite and certain the description of the lands claimed in Hine's petition, which was pending at the date of the deed. They do not substantially enlarge the acreage, for this is named as 28 acres in the summons issued prior to the deed. The plat and survey fix the acreage at 28 30-100 acres ; the statement at 29 65-100 acres. Substantially they describe the same land. The metes and bounds of the statement include the 28 30-100 acres described in the survey and plat of Davis and one acre more. The deed made by the probate Judge MANN to the plaintiff Smith as the result of this litigation, adopts the metes and bounds of the Davis plat and survey, and conveys 28 30-100 acres.

Doubtless any fraudulent change by way of amendment of the pleadings affecting substantially the amount of land

in litigation, or shifting the boundaries so as to include other and more valuable lands, would afford grounds for the interposition of a court of equity, but in the absence of any such showing or suspicion of fraud, the files mentioned were admissible as evidence against Loveland and his grantees, for the purpose of showing the subject-matter of the exception in the deed. ·

In addition to the record and files in the case of *Hine* v. *Smith*, parol evidence was introduced for the same purpose·

This is assigned for error.

The rule is, that where general terms of description are used in a contract or conveyance, parol evidence is admissible to apply it to the subject-matter. 1 Greenl. on Ev., § 286 *et seq.*, and cases cited.

In the case of *Gerrish* v. *Towne*, 3 Gray, 87, BIGELOW, J., states the rule more at length, as follows: "Whenever, in a contract or conveyance, an estate is specifically and fully described by monuments, bounds and admeasurements, no evidence *de hors* the writing can be admitted to·show the intention of the parties in making the contract or conveyance, or to prove what estate is comprehended by the written description. But where general terms only are used to designate the subject-matter of the agreement or conveyance, or the description is of a nature to call for evidence to ascertain the relative situation, nature and qualities of the estate, then parol evidence is not only admissible, but is absolutely essential to ascertain the true meaning of the instrument, and to determine its true application with reference to extrinsic circumstances and objects. In such cases, parol evidence is not used to vary, contradict or control the written contract of the parties, but to apply it to the subject-matter, and thereby render certain what would otherwise be doubtful and indefinite. For this reason any evidence which tends to indicate the nature of the subject-matter included in a written contract, which would otherwise be uncertain or ambiguous, and to determine its application relatively to other objects, is admissible as afford-

ing just means of interpretation of the intention of the parties."

An exception in a deed is the taking of something out of the thing granted which would otherwise pass by the deed, and, in general terms, it is said that it ought to be stated and described as fully and accurately as if the grantee were the grantor of the thing excepted, and the grantor in the deed were made the grantee in the exception. Whatever may pass by words of grant may be excepted by like words and the same consequences attach to such an exception as would attach had it been a grant. 3 Wash. R. P. 431, 435.

Having reference to the character of an exception in a conveyance, the same general rule as to the admissibility of parol evidence must apply. Where the subject-matter of the exception is described in general terms, parol evidence is admissible to give it effect as if it had been a grant. Applying the rule to the case at bar, the record and files of the court before which the litigation was pending was doubtless the best evidence, but in its absence or incompleteness, parol evidence, under the rule, was admissible for the same purpose.

While it was, perhaps, unnecessary in this case, it was none the less competent, and as a matter of fact corroborated the evidence offered by the record and files.

There was, therefore, no error in admitting it.

Whether the exception in the deed would be inoperative for want of jurisdiction of the probate judge in the litigation mentioned, we need not determine, as he had jurisdiction both of the subject-matter and the persons. Nor do we see how the failure of both Hine and Smith to file their "statements," as claimants under the statute within the time limited, can affect the case. *Firstly*, it did not go to the jurisdiction of the court, but to the right of each to recover, and the record could not be questioned in this respect collaterally. *Secondly*, in our view, the litigation is referred to as matter of description, and the operation of the exception in no wise depended either on the regularity

or result of the litigation. It would have been equally operative if both claimants had failed in establishing a right to the land in litigation.

On the trial of this case below, and in argument here, counsel have proceeded on the assumption that the *onus* was on the plaintiff, and not on the defendant, to show the lands coming within the exception. We have so treated it, because if resolved otherwise it would not change the result, but we are not to be understood as impliedly passing on the question.

*Judgment affirmed.*