## LAUGHLIN ET AL. V. HAWLEY.

1. Under Gen. St. §§ 58–60, pp. 266, 267, a lien upon the real estate of a judgment debtor is created by filing a transcript of a judgment from a justice of the peace with the county clerk and recorder, no duty being placed upon the recorder to index and record such transcript.

2. Where the description of the property contained in the sheriff's return of levy, and other documents following thereon, is in such general terms as to call for evidence *dehors* the writing, parol evidence is admissible to apply it to the subject-matter, and thereby clear up any uncertainty; and if from such evidence it appears that the terms used, as commonly understood in the neighborhood, clearly designate the property levied upon and sold, the description must be regarded as sufficient.

*Appeal from County Court, Gilpin County.*

THE complaint alleges that the amount in controversy does not exceed $200; that on the 18th day of July, A. D. 1876, Benjamin Lake and Henry J. Hawley recovered a judgment against one Alfred Rollins, before Harley B. Morse, a justice of the peace in Gilpin county; that on the 24th day of January, A. D. 1877, an execution was issued thereon, delivered to a constable of said county, and on the 25th day of February, A. D. 1877, the same was returned indorsed that no property could be found to satisfy the same; that on the 9th day of December, A. D. 1880, a transcript thereof was filed in the office of the the clerk of the district court of Gilpin county, and recorded in a book kept therein, as required by law; that on the 12th day of May, A. D. 1881, an execution and fee-bill issued thereon to the sheriff of said county; that on the

16th day of June, A. D. 1881, the sheriff levied the same on the following described property, to wit: a certain ranch claim situate in the North Fork of Elk Horn gulch, Gilpin county, Colorado, and containing eighty acres of land, being the same property formerly owned by one John Eicher, and purchased by him from one Stacy, and conveyed to said Rollins by said Eicher, together with the one-story frame and log house, board fence, and all the improvements thereon; that said sheriff levied the same on all the rights, title and interest that said Rollins had in said land, on the 18th day of April, A. D. 1879, under and by virtue of a judgment lien had under and by virtue of filing a transcript of the said judgment with the clerk and recorder of said county on the 18th day of April, A. D. 1879; that on the 17th day of April, A. D. 1879, the said Rollins was the owner of, and in possession of, said property, and entitled to own and occupy the same by law, and by virtue of his purchase from said Eicher; that the sheriff duly advertised the same, and on the 12th day of July, A. D. 1881, sold said property to Henry J. Hawley, who received the sheriff's certificate therefor; that on the 21st day of April, A. D. 1882, the said Hawley received the sheriff's deed for the same; that on the 2d day of May, A. D. 1882, the said Hawley served a written demand on Phillip Laughlin for possession of the premises, and on the 7th day of June a like demand on Phillip and Joseph Little, who were then in possession as lessees of Laughlin; that the plaintiff is entitled to possession, and defendants wrongfully withhold the same, to his damage in the sum of $150; that the value of the rents and profits since April 21, A. D. 1882, are $150. Plaintiff demands judgment, first, for possession; second, for the rents and profits in the sum of $150; third, for costs.

The answer denies all the material allegations of the complaint; denies that a written demand for possession was served on defendant Laughlin; admits service of

written demand on the other two defendants; and that at the time of said demand they were in possession of one hundred and sixty acres of land, situate in the North Fork of Elk Horn gulch, Gilpin county, under a lease from their co-defendant Laughlin, dated May 9, A. D. 1882; and being the same premises formerly occupied by him for the period of over six months prior to the date of said lease, and a part thereof being the same premises described in plaintiff's complaint. Defendant Laughlin, further answering for himself, alleges that on the 25th day of October, A. D. 1880, he purchased from one Alfred Rollins all his right, title and interest in a certain ranch claim situate in the North Fork of Elk Horn gulch, Gilpin county, Colorado, and paid him $600 for the same, by the exchange of a house and lot belonging to him, and situate in Silver Plume, Clear Creek county, Colorado; that he went into possession of the same, and has ever since then been in actual possession thereof, until the lease given to his co-defendants as aforesaid; that this defendant was informed and believes the said Rollins bought the said ranch claim from one Samuel M. Keir. That at the time of his purchase he made diligent search of the records of Gilpin county, and of the courts of record of said county, and found no lien or incumbrance as described thereon; that it was a long time after he purchased said property before he learned that plaintiff claimed to have a lien upon the same under a transcript filed in the recorder's office, of said judgment rendered before said justice. Defendant says that said transcript was never recorded; that the same was simply indorsed, filed, and put in a safe kept and used by the county treasurer; that defendant had no knowledge of the existence thereof when he purchased said premises; that the same was no notice, nor any lien or incumbrance on said property when he purchased; praying judgment for costs, etc.

Exhibit A, setting forth lease of one hundred and

sixty acres by Laughlin to his co-defendants. Replication. Verdict and judgment for plaintiff. Appeal.

Mr. ALVIN MARSH, for appellants.

Messrs. FULLERTON and HULBERT, for appellee.

ELBERT, J. Section 212 of the code provides that "a transcript of any judgment rendered by any justice of the peace, duly certified by said justice, may be filed with the recorder of the county in which such judgment shall have been rendered; and from the time of filing such transcript, such judgment shall become a lien upon all the property of the judgment debtor, except personal property and property exempt from execution, in such county, in the same manner and to the same extent as if such judgment had been originally rendered in a court of record. Said lien shall continue for six years from the entry of judgment, unless the judgment be previously satisfied." The language of this section is plain, and gives the lien upon *filing* the transcript of the judgment with the recorder.

It is claimed that the clerk and recorder should have recorded and indexed the judgment, and that his failure to do so defeats the lien. The duty of the county clerk and recorder, in this respect, extends only to instruments "*authorized by law to be recorded in his office.*" Gen. St. §§ 58–60, pp. 266, 267. We find no law requiring or authorizing the transcript of a judgment from a justice of the peace to be recorded or indexed. If the clerk and recorder should keep any index or record of such judgments, it would be entirely voluntarily. It may be a great inconvenience, which the legislature should remedy, but, under the law as it stands, one seeking to know if real estate is incumbered by a lien under this section, must inquire for and examine the "files" in the office of the county clerk and recorder of the proper county. Did the law cast upon the clerk the duty of indexing and re-

cording such judgments, a question of greater difficulty would be presented, concerning which there is much conflict of authority. *Barney v. McCarty*, 15 Iowa, 510, and cases there cited.

When, on the 18th day of April, 1879, Lake and Hawley procured a transcript of their judgment before the justice, and filed the same in the office of the clerk and recorder in Gilpin county, they did all that was required of them under this section. Thereafter their judgment was a lien upon the real estate of Rollins, and took precedence over the subsequent transfer to the appellant Laughlin. The sheriff's deed to the appellee took effect, by relation, as though made on the day when the lien was created. Freem. Ex'ns, § 333. If the county clerk made false representations to the appellant respecting the judgment on file in his office, or refused him access to the "files" for the purpose of examination, it is a matter between him and the clerk, with which appellee has no concern.

The objection that the return of levy, certificate of sale, and the sheriff's deed were void for uncertainty in the description of the property was not well taken. Where the description of the property is in such general terms as to call for evidence *dehors* the writing, parol evidence is admissible to apply it to the subject-matter, and thereby render certain what would otherwise be doubtful and indefinite. "If, from such evidence, it appears that the terms used, as commonly understood in the neighborhood, clearly designate the property levied upon or sold, the description must be regarded as sufficient." Freem. Ex'ns, § 281; *Pipe v. Smith*, 4 Colo. 466. The description of the property in the complaint, return of levy, certificate of sale, and sheriff's deed is substantially the same. That there was no difficulty in identifying the property by persons familiar with it, from the description given, is evident from the defendant's answer and testimony. The defendant admits in his answer that

the *property described in the plaintiff's complaint* is a part of the one hundred and sixty acres leased by him to his co-defendants. He testifies: "I am one of the defendants. I *purchased the ranch described in plaintiff's complaint* from Alfred Rollins, in October, 1880. The deed was recorded in the recorder's office, October 26, 1880. I was in possession at that time. I exchanged a house and lot in Silver Plume for the ranch, that cost me $600. I have owned it ever since,— claim to own it now. I have one hundred and sixty acres in all. I gave a lease to my co-defendants for a year from the 9th of May, 1882. They have been in possession under it since that time. There are three patented lodes on the ranch, and several unpatented. It was reported as mineral land not subject to pre-emption as agricultural land. Only a few acres can be tilled. * * * Rollins was in possession several years before I bought, and I and my lessees have been in possession ever since." This sufficiently removed all grounds for the objection made.

The instructions given by the court were substantially correct; nor is there anything in the other errors assigned requiring notice.

The judgment of the court below is affirmed.

*Affirmed.*