### Sullivan et al. v. Collins.

1. **Conveyances—Description—Evidence.**
Parol evidence is admissible for the purpose of showing that a description used in a conveyance of real property, as commonly understood in the vicinity, clearly designates the property.

2. **Same—Tax Deeds.**
A description of lands for taxation is sufficient if it affords means of identification, so that it can be determined exactly what lands have been sold, and for this purpose extrinsic evidence is competent.

3. **Statute—Construction.**
Section 3904, of Mills' An. Stats., providing a limitation to actions brought for the recovery of lands sold for taxes, has no application to the purchaser at a tax sale. It applies solely to the owner of the property, whose title is sought to be divested by the tax proceeding.

4. **Limitations.**
Where the plaintiff, with color of title to vacant and unoccupied lands, has paid the taxes upon the same for five successive years, his title is protected by section 2187, Gen. Stats.

*Appeal from the District Court of Arapahoe County.*

This is a contest between Edward H. Collins, a grantee claiming under a tax deed executed by the county treasurer and A. B. Sullivan et al., grantees of the owner at the time of the tax levy. The property was sold for taxes for the year 1876. As listed for taxes for that year, it is described as lot five (5), block one hundred and forty-four (144), East Denver, Arapahoe county, Colorado, and by this description is conveyed by the treasurer's deed.

Under Colorado statutes a tax deed executed by the county treasurer in his official capacity, properly attested, acknowledged and recorded, is made *prima facie* evidence of the following facts:

"*First*—That the real property conveyed was subject to taxation for the year or years stated in the deed.

"*Second*—That the taxes were not paid at any time before the sale.

" *Third*—That the real property conveyed had not been redeemed from the sale at the date of the deed.

" *Fourth*—That the property had been listed and assessed at the time and in the manner required by law.

" *Fifth*—That the taxes were levied according to law.

" *Sixth*—That the property was advertised for sale in the manner and for the length of time required by law.

" *Seventh*—That the property was sold for taxes as stated in the deed.

" *Eighth*—That the grantee named in the deed was the purchaser or the heir at·law, or the assignee of such purchaser.

" *Ninth*—That the sale was conducted in the manner required by law." Sec. 2932, Gen. Stats.

In the district court it was claimed that the tax deed and also the assessment were void for uncertainty, and that plaintiff's action was barred by the statute of limitations.

In the fourth defense the nature of plaintiff's title as understood by the defendants is set up with certain facts tending to show the invalidity of such title. This defense was stricken out upon motion, and the plaintiff thereafter, by leave of court, filed an amended answer, in which this defense was omitted. The statute of limitations with reference to the payment of taxes upon unoccupied lands for five years, when such lands are held under color of title, was pleaded in the replication to the amended answer. A trial in the district court resulted in a verdict and judgment for plaintiff. The defendants bring the case here upon appeal.

Messrs. SULLIVAN & MAY, for appellants.

Messrs. MARKHAM & CARR, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

It is conceded that prior to the levy of the taxes for the year 1876 the property was platted as a part of Clement's

Addition to the city of Denver, and that upon this plat, which was duly filed and recorded, the premises in controversy are described as lot 5, block 144, Clement's Addition to the city of Denver. The contention of appellants is that the property could only be listed for taxes and sold by the latter description, while appellee contends that the property was equally as well known as lot 5, block 144, East Denver, and that it was properly assessed, advertised and sold by this description. In the court below oral testimony was allowed for the purpose of showing that the two descriptions applied to one and the same property, and that the property was as well known by the one description as by the other. This testimony was objected to by counsel, and its admission is assigned for error in this court.

It is a fundamental principle of the law of real property that parol evidence is admissible for the purpose of showing that a description used in a conveyance, as commonly understood in the vicinity, clearly designates the property. This principle, announced at an early day, has been so universally followed since that we shall rest content with citing a few cases in which it has been recognized. *Laughlin et al. v. Hawley*, 9 Colo. 170; *Chambers et al. v. Watson*, 60 Ia. 339; *McGregor et al. v. Brown*, 5 Pick. 170; *Scheible v. Slagle*, 89 Ind. 323; *Caldwell v. Village of Carthage*, 40 Ohio State, 453.

Likewise, it has been held that a description of lands for taxation is sufficient if it afford means of identification, so that it can be determined exactly what lands have been sold, and for this purpose extrinsic evidence is competent. 1 Desty on Taxation, p. 569; 2 Desty on Taxation, p. 921.

It was contended in the court below, and is insisted upon here, that plaintiff's action was barred by section 3904 of Mills' Annotated Statutes. This section reads as follows:

"No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary, notwithstanding; *Provided, always,*

That when the owner or owners of such land, sold as aforesaid, shall at the time of the execution and delivery of the deed by the treasurer, be minor or minors, or insane or an idiot, and residing within the United States one year after such disability is removed, it shall be lawful for such person or persons, their heirs or legal representatives, to bring their suit or action for the recovery of lands so sold, and when the recovery is effected in all cases, the value of the improvements, etc., made on the land so sold, and all taxes paid after the sale thereof, with interest thereon at the rate of fifteen per cent per annum, shall be ascertained by the jury trying the action for the recovery, and paid by the person or persons recovering the same, before he, she or they shall obtain possession of the land so recovered."

It is apparent that this section has no application whatsoever to the purchaser at a tax sale. It applies solely to the owner of the property, whose title is sought to be divested by the tax proceedings.

The fallacy of applying this statute to the purchaser is well illustrated in this case. The property in question was sold in 1877 for the taxes of 1876, and in pursuance of said sale a tax deed was duly executed in the year 1880. The property was unoccupied and unimproved, hence there was no necessity for the grantee of the tax deed to bring an action for the possession of the property or to have his title declared legal until some adverse claim should be set up thereto. The delinquent owner seems to have paid no attention to the property after the sale until in the year 1889, when appellants sought him out in a foreign land, and for a small consideration secured a deed to the property in controversy. Thereafter appellants entered upon the premises and erected improvements thereon, and thereupon appellee brought this action to recover possession. It is apparent from the foregoing statement that there was no necessity for appellee to bring his action at an earlier date, and if he had done so, it must have been without avail. Until some party set up a title adverse to him, he was certainly not called upon to

defend the title procured at the tax sale. The statute is for the purpose of protecting claimants under tax deeds, and to that end it is provided that an action by the owner shall be barred if not brought within five years after the sale thereof. The bar in this case is against appellants. It is not a good defense to appellee's action. A demurrer to the second defense was therefore properly sustained. Moreover, as plaintiff, with color of title, had paid all taxes upon said property for five successive years, his title was protected by sec. 2187, Gen. Stats., 1883; Mills' An. Stats., sec. 2924. *De Foresta v. Gast, ante,* 307.

The fourth defense need not be separately considered, as, in so far as the facts pleaded were competent, they were admissible under the general issue.

The judgment of the district court must be affirmed.

*Affirmed.*